UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-204 (MJD/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) PABLO MARGARITO LUNA,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Defendant Pablo Margarito Luna, (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with conspiracy to distribute 50 grams or more of actual methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846. The Defendant fully understands the nature and elements of the crime with which he has been charged.



SCANNED
FEB 17 2022
U.S. DISTRICT COURT MPLS

2. **Factual Basis**. The Defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

From at least the beginning of November 2020 through on or about November 10, 2020, the Defendant conspired with other persons to distribute 50 grams or more of actual methamphetamine. During the period of the conspiracy, the Defendant acquired methamphetamine from an out-of-state source of supply for distribution within the State and District of Minnesota.

On November 10, 2020, the Defendant picked up a package from a residence in Rochester, Minnesota. The Defendant was directed to pick-up the package from this residence by another person. The Defendant was arrested and law enforcement lawfully searched the package. The Defendant possessed with the intent to distribute approximately 2,255.86 grams of actual methamphetamine.

The Defendant was interviewed by law enforcement on November 10, 2020. The Defendant stated that, during the period of the conspiracy, he had previously retrieved another package for another person, which contained approximately one-pound of methamphetamine.

The Defendant stipulates that the quantity of methamphetamine for which he is personally responsible is at least 1,500 grams or more of actual methamphetamine, but less than 4,500 grams of actual methamphetamine.

The Defendant stipulates and agrees that he conspired and reached an agreement with other persons to distribute methamphetamine; that he intended to aid other members of the conspiracy by receiving methamphetamine for future distribution; that he acted knowingly and voluntarily when he joined the agreement to distribute methamphetamine; and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The Defendant understands and agrees that the Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The Defendant agrees that, by pleading guilty, he is withdrawing all motions previously filed.

4. **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to go to trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right

to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

5. **Additional Consequences.** The Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The Defendant understands that Count 1 of the Indictment (Conspiracy To Distribute Controlled Substances), in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 846 is a felony offense that carries the following statutory penalties:

    a.    a mandatory minimum sentence of 10 years in prison;

    b.    a maximum of life in prison;

    c.    a supervised release term of at least 5 years and up to life;

    d.    a fine of up to $10,000,000;

    e.    assessment to the Defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

    f.    the forfeiture of drug-related assets;

    g.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

    h.    the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7.    **Revocation of Supervised Release.**    The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8.    **Guidelines Calculations.**  The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

a. Base Offense Level. The parties agree that the base offense level for the violation noted in Count 1 of the Indictment and any relevant conduct is **36** (at least 1.5 KG but less than 4.5 KG of actual methamphetamine). U.S.S.G. § 2D1.1(c)(3).

b. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

c. Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. Acceptance of Responsibility. The Government agrees to recommend that the Defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the Government of his intention to enter a plea of guilty, the Government agrees to recommend that the Defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

e. Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into **Criminal History Category III**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation

reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

  f. <u>Guidelines Range</u>. If the adjusted **offense level is 33** and the **criminal history category is III**, and if the Defendant is not safety-valve eligible under 18 U.S.C. § 3553(f), the Defendant's advisory **sentencing guidelines range is 168 - 210 months** in prison.

  g. <u>Fine Range</u>. The Sentencing Guidelines fine range is **$35,000 to $10,000,000.** U.S.S.G. § 5E1.2(c)(4).

  h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least five years. U.S.S.G. § 5D1.2(c); 21 U.S.C. § 841(b)(1)(A).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category are different from that stated above, the parties may not withdraw

from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea. Notwithstanding the foregoing, the Defendant acknowledges that the Court cannot depart below the mandatory minimum sentence of 10 years' imprisonment if the Defendant is not safety-valve eligible under 18 U.S.C. § 3553(f).

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted, pursuant to Guideline § 5E1.3. The Defendant agrees to pay the special assessment at sentencing.

12. **Disclosure of Assets.** The Defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the Defendant has any right, title, or interest, or over which the Defendant exercises control, directly or indirectly, including those assets

held by a spouse, nominee or other third party, or any business owned or controlled by the Defendant. The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The Defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The Defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the Defendant's assets and expressly authorizes the United States to obtain a credit report on the Defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the Defendant agrees to submit to one or more asset interviews or depositions under oath.

13.   **Forfeiture.** The Defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of said violations, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations. The Defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have

in the property. The United States reserves its right to seek a money judgment forfeiture or to forfeit substitute assets.

14. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the Defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the Defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The United States agrees to waive its right to appeal any sentence except the United States may appeal the substantive reasonableness of a term of imprisonment below 10 years.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily.

15. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution

of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

Date: 2/16/2022

CHARLES J. KOVATS, JR.
Acting United States Attorney

BY: JOSEPH S. TEIRAB
Assistant U.S. Attorney

Date: 2/16/22

PABLO MARGARITO LUNA
Defendant

Date: 2/16/22

KEALA C. EDE
Counsel for Pablo Margarito Luna

11